**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WEI SENG PHUA, et al., ) <br> ) <br>            Defendants. ) <br> _____) | Case No. 2:14-cr-00249-APG-PAL <br><br> **ORDER** |

This matter is before the undersigned on the Government's Motion to Reopen Detention (#116), filed August 6, 2014; Defendants Wei Seng Phua and Darren Wai Kit Phua's Joint Response (#122), filed August 7, 2014; Defendants Seng Chen Yong and Wai King Yong's Joint Response (#125), filed August 8, 2014; Defendant Yung Keung Fan's Response (#127), filed August 8, 2014; Defendant Hui Tang's Response (#142), filed August 11, 2014; Defendant Herman Chun Sang Yeung's Response (#143), filed August 12, 2014; the Government's Reply (#144), filed August 14, 2014; the Government's Reply (#145), filed August 14, 2014; and the Government's Reply (#155), filed August 15, 2014.[1] This matter is also before the Court on Defendant Yan Zhang's Motions for Joinder (#140) and (#141), filed August 11, 2014, and Defendant Yan Zhang's Motions for Joinder (#152) and (#153), filed August 15, 2014.

## BACKGROUND

On July 14, 2014, the United States filed a complaint charging all named defendants with

---

[1] The undersigned notes that Defendants Wei Sen Phua and Darren Wai Kit Phua's Response (#122) and Defendant Hui Tang's Response (#142) were filed and designated as motions to strike. There is no basis to strike the motion to reopen detention filed by the Government. The requests to strike will therefore be denied and the motions treated as responses to the Government's motion to reopen detention (#116).

(1) Transmission of Wagering Information in violation of 18 U.S.C. § 1084(a) and 18 U.S.C. § 2, and (2) Operating an Illegal Gambling Business in violation of 18 U.S.C. § 1955 and 18 U.S.C. § 2. (#1). On July 29, 2014, the Grand Jury returned a criminal indictment charging all defendants with the same crimes as alleged in the complaint. (#86). The indictment includes two forfeiture allegations. Trial is currently scheduled to commence on September 29, 2014. The case has been designated complex for purposes of discovery. (#146). The undersigned conducted the initial appearances and pre-trial detention hearings for all named defendants except Defendant Yan Zhang.[2] Ultimately, all defendants were ordered released subject to several stringent conditions, including for Defendant Wei Seng Phua, Darren Phua, Seng Chen Yon, Wai Kin Yong, and Hui Tang that they execute extradition waivers.

It appears that each Defendant ordered to do so did, in fact, execute an extradition waiver and deliver the same to the Government. Upon receipt, the Government forwarded the waivers to the United States Department of Justice Office of International Affairs ("OIA") for review, which concluded that the extradition waivers are not enforceable. Consequently, the Government has moved to reopen detention arguing that without enforceable extradition waivers Defendants are a flight risk. Defendants unanimously disagree, asserting that the information regarding the enforceability of extradition waivers is neither new nor material to whether they pose a flight risk. In its reply (#144) and (#155), the Government makes clear that it only seeks to reopen the detention hearing for those defendants ordered to execute extradition waivers. It does not seek to reopen detention for defendants not subject to this condition. Consequently, the request only applies to Defendants Wei Seng Phua, Darren Phua, Seng Chen Yon, Wai Kin Yong, and Hui

---

[2] Although the detention hearing was originally scheduled before the undersigned, the date for the hearing was extended twice and, ultimately, the detention hearing was conducted by United States Magistrate Judge George W. Foley on July 23, 2014. (#64). Thus, any request to reopen Defendant Zhang's detention hearing would normally be addressed by Judge Foley, who ordered the initial release and conditions. After conferring with Judge Foley, it would be more efficient for judicial resources to transfer the issue of pretrial detention back to the undersigned Magistrate Judge. Thus, pretrial detention issues relating to Defendant Zhang will be heard and addressed by the undersigned.

Tang.[3]

## DISCUSSION

Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[4] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL 2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id*.

After review, and assuming the information is new, the undersigned finds that the information is not material. The Government argues that the extradition waivers were ordered as conditions to ensure that the defendants appeared or to facilitate their extradition should they flee. The extradition waivers were included as part of a stringent package of conditions to mitigate or eliminate any potential flight risk. Even without the waivers, the remaining conditions, which

---

[3] Importantly, the motion to reopen does not apply to Defendant Zhang who it does not appear was required to execute an extradition waiver as a condition of release. Because the motion does not apply to him, the Court will deny his motions for joinder to the various responses filed by the other defendants.

[4] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.

include substantial bail amounts[5], the surrender of passports and travel documents, home detention with GPS monitoring, and the designation of third-party custodians[6], are sufficient to ensure Defendants appear for trial.  At the time the original conditions were entered, the potential unenforceability of the extradition waivers was understood by the Court, which resulted in the imposition of the several other conditions referenced herein and designed to ensure each Defendants appearance.  Defendants have no known criminal history and have not been charged with crimes of violence.  Nor has the Court been made aware of any violations of the conditions imposed.  The Court declines to reopen the detention hearings due to the extradition waivers.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that the Government's Motion to Reopen Detention (#116) is **denied**.

**IT IS FURTHER ORDERED** that Defendants Wei Seng Phua and Darren Wai Kit Phua's Joint Motion to Strike (#122) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Hui Tang's Motion to Strike (#142) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Yan Zhang's Motions for Joinder (#140), (#141), (#152), and (#153) are **denied**.

DATED: August 19, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[5] Wei Seng Phua ($2,000,000 and a Gulf Stream Jet valued at approximately $48,000,000), Darren Phua ($500,000 and the Gulf Stream Jet), Seng Chen Yong ($1,500,000), Wai Kin Yong ($500,000), and Hui Tang ($1,500,000). *See* (#78) (#77) (#101) (#120).

[6] Wei Seng Phua and Darren Phua (Dr. Craig Hartman), Seng Chen Yong and Wai Kin Yong (John Patgorski), and Hui Tang (Tom Dwan).