UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00249-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn for SDT – Dkt. #182) |
| WEI SENG "PAUL" PHUA, et al., | |
| Defendants. | |

This matter is before the court on Defendants Wei Seng Phua's and Darren Wai Kit Phua's Joint Application for Subpoena Duces Tecum to Caesars Entertainment Corporation to be Issued Pursuant to Federal Rule of Criminal Procedure 17(c) (Dkt. #182) filed September 22, 2014. The court has considered the Application.

**BACKGROUND**

On July 14, 2014, a Complaint (Dkt. #1) was filed against Defendants Wei Seng Phua and Darren Wai Kit Phua and others, charging them with transmission of wagering information and aiding and abetting in violation of 18 U.S.C. § 1084(a) and 18 U.S.C. § 2; and operating an illegal gambling business and aiding and abetting in violation of 18 U.S.C. § 1955 and 18 U.S.C. § 2. The Phua Defendants made an initial appearance with counsel on the Complaint on July 14, 2014, entered not guilty pleas, and were released on cash bonds with Pretrial Services' supervision and conditions. *See* Minutes of Proceedings (Dkt. #20).

On July 29, 2014, a federal grand jury returned an Indictment (Dkt. #86) against the Phua Defendants and their co-Defendants, charging them with transmission of wagering information and aiding and abetting in violation of 18 U.S.C. § 1084(a) and 18 U.S.C. § 2; and operating an illegal gambling business and aiding and abetting in violation of 18 U.S.C. § 1955 and 18 U.S.C.

§ 2. The Indictment also contains two forfeiture allegations. The Phua Defendants were arraigned on the Indictment and entered not guilty pleas on August 5, 2014. *See* Minutes of Proceedings (Dkt. ##112, 113). On September 19, 2014, the court held a scheduling conference and directed defense counsel to file any motions to suppress no later than October 14, 2014. *See* Minutes of Proceedings (Dkt. #181).

## DISCUSSION

The Phua Defendants seek an order requiring the Clerk of Court to issue a subpoena duces tecum to the custodian of records for Caesars Entertainment Corporation ("Caesars"). The Phua Defendants represent they were occupying Villas 8881, 8882, and 8888 at Caesar's Palace Hotel and Casino in Las Vegas, Nevada, between June 6, 2014, and July 14, 2014. They assert that Caesars was working at the direction of law enforcement in Villas 8881, 8882, and/or 8888 under the guise of legitimately installing, servicing, and repairing computer, internet, and video equipment as well as satellite dish service in the Villas to justify warrantless searches of the Villas.

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings. Rule 17(c) establishes the process by which federal courts can issue subpoenas duces tecum for the production of evidence before trial and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena duces tecum be made returnable **before** trial. However, Rule 17 is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974), *superceded by statute on other grounds,* Fed. R. Evid. 104(a); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F. Supp. 2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not

1  discovery devices and may not be used to expand the scope of Rule 16"); *United States v.*
2  *Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D.
3  D.C. 1954) ("to construe Rule 17 as a discovery rule would render Rule 16 nugatory and
4  meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain
5  evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341
6  U.S. 214, 219-20 (1951).

7  Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report
8  at some time or place other than either a trial or hearing to be held at which he is to testify. Its
9  purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted
10  by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*,
11  516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by
12  subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas
13  to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not
14  authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957),
15  *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for
16  government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in
17  federal courthouse to ensure keeping of proper records).

18  Leave of court is required for a pretrial subpoena duces tecum. *United States v.*
19  *Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the
20  court has discretion to require production of documents by subpoena duces tecum prior to trial.
21  *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United*
22  *States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v.*
23  *Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has
24  stated:

> Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

1  *Nixon*, 418 U.S. at 702.

2  The burden is on the party seeking production to show good cause for the production
3  before trial. In *United States v. Iozia*, the district court formulated a standard for establishing
4  good cause for production prior to trial requiring a showing:

> 1. That the documents are evidentiary and relevant;
> 2. That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
> 3. That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and
> 4. That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952). Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production. *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Stein*, 488 F. Supp. 2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F. Supp. 1214 (D.C.N.Y. 1985).

The Phua Defendants assert that although they have satisfied the requirements under *Nixon* and *Iozia*, the court should apply the less stringent standard set forth by the United States District Court for the Southern District of New York in *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008) because this subpoena is directed to third party Caesars and not to the government. In *Tucker*, the court observed that where a criminal defendant seeks to subpoena material from a third party rather than the government, the *Iozia* standard may not apply, and the defendant "need only show that the request is (1) reasonable, construed as material to the defense, and (2) not unduly oppressive for the producing party to respond." *Id.* at 65. The Ninth Circuit has not addressed this issue, instead applying the *Nixon* factors to a defendant's Rule 17(c) subpoena of a third party. *See United States v. Nosal*, 291 F.R.D. 403, 407 (N.D. Cal. 2013) (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981)). The court need not decide this issue here because it finds that the Phua Defendants have articulated why the materials described in the proposed subpoena are relevant and evidentiary to potential motions to suppress to be filed in this matter and have satisfied the remaining *Iozia* standards as well.

///

Accordingly,

**IT IS ORDERED** that the Phua Defendants' Application for a Subpoena Duces Tecum (Dkt. #182) is GRANTED as follows:

1. The Clerk of Court shall issue a subpoena duces tecum for the items specified on Attachment A, attached to the proposed subpoena duces tecum, submitted with the Joint Application, as Exhibit 1. The subpoena shall require Caesars to produce responsive documents to the Clerk of Court no later than **October 9, 2014.**

2. Counsel for the Phua Defendants shall serve the subpoena duces tecum and attachment on the custodian of records for Caesars, along with a copy of this Order.

3. The custodian of records for Caesars shall respond to the subpoena and produce responsive materials to the Clerk of the Court on or before **October 9, 2014.** The Clerk of Court shall retain the materials and notify counsel for all parties that the materials are available for inspection and copying.

4. Alternatively, Caesars shall have until **October 9, 2014,** to file a motion to quash or modify pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure if it believes compliance with the subpoena duces tecum would be unreasonable or oppressive.

Dated this 30th day of September, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE