UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>WEI SENG PHUA, et al.<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cr-00249-APG-PAL<br><br>ORDER |

　　　　The court conducted a status and scheduling conference on Friday, February 6, 2015, at 1:30 p.m. Kimberly Frayn and Christina Silva appeared on behalf of the United States. David Chesnoff, Richard Schonfeld and Thomas Goldstein appeared on behalf of the Defendants who were present and out of custody.

　　　　The Indictment (Dkt. #86) in this case was returned by a federal grand jury on July 29, 2014. All Defendants were arraigned and entered pleas of not guilty, and an initial trial date was set for September 29, 2014. On August 15, 2014, the parties submitted a proposed complex case schedule pursuant to LCR 16-1(a)(1) – (a)(4). The parties stipulated that this case presents complex and novel issues of fact and law in that the indictment charges the Defendants with sophisticated international cybercrimes, including transmission of wagering information in violation of 18 U.S.C. § 1084, and operating an illegal gambling business in violation of 18 U.S.C. § 1955, in connection with the World Cup Soccer Tournament. *See* Stipulation (Dkt. #146) and attached proposed order filed August 15, 2014.

　　　　On July 9, 2014, the Federal Bureau of Investigation ("FBI"), in conjunction with Nevada gaming agents, executed search warrants on three villas occupied by eight Defendants initially charged in a criminal complaint at Caesars Palace Hotel & Casino in Las Vegas, Nevada. As a result of these search warrants, approximately 127 electronic devices, including cellular

1  telephones, thumb drives, and computers, were taken from the Defendants.  At the time the
2  parties' proposed complex case schedule was submitted, the FBI was in the process of imaging
3  these devices and conducting forensic examinations to generate reports which the government
4  agreed it would produce in discovery.  The government's initial review of the information on the
5  electronic devices indicated that a majority of the information was in Mandarin and Cantonese
6  which would require translation.

7  The parties stipulated that the discovery materials in this matter were voluminous and
8  would need to be tracked, in part, by metadata, and that "appropriate time" was needed to
9  complete additional translation and forensic follow-up, review the voluminous discovery, and
10  complete follow up investigation.  Additionally, the parties stipulated that they would need
11  additional time to research, prepare, and file pretrial motions.  The parties therefore proposed a
12  complex case schedule.

13  The court set a scheduling and status conference for September 19, 2014, at 9:00 a.m.
14  All Defendants initially charged in this case appeared with counsel and court interpreters.  The
15  court heard representations from government counsel regarding the status of discovery
16  production.  Defense counsel requested that the court establish a schedule to enable the
17  Defendants to file motions to suppress at the beginning of the case asserting that resolution of the
18  motions to suppress would directly impact a viable trial date.  Counsel for the parties agreed that
19  this case should be rescheduled for trial after decision of the Defendants' motions to suppress.
20  All of the Defendants and their counsel agreed on the record at the time of the hearing that the
21  additional time was needed to prepare an adequate defense and for trial and waived their rights
22  under the Speedy Trial Act to the extent of the additional time their counsel requested.

23  The parties agreed to a briefing schedule and pursuant to the parties request, the court set
24  deadlines for defense counsel to file their motions to suppress no later than October 14, 2014,
25  with the government to file responses by November 7, 2014, and replies due November 21,
26  2014.  The court set a hearing on the motion to suppress for December 4, 2014, and informed
27  counsel that it would conduct monthly status hearings beginning after the conclusion of motion
28  hearings on the motions to suppress.

The parties thereafter stipulated to an extension of the deadlines to file motions to suppress, responses and the hearing while they attempted to resolve this matter by global plea negotiations.  Five of the eight Defendants charged in the initial Complaint (Dkt. #1) reached plea agreements with the government, waived indictment, and pled guilty to a misdemeanor Superseding Information (Dkt. #325).  The government did not seek an indictment against a sixth Defendant initially charged in the criminal complaint.  Defendants Wei Seng ("Paul") Phua and Darren Phua are the only two remaining Defendants.

The court conducted evidentiary hearings on Defendants' joint Motions to Suppress (Dkt. ##229, 232) between December 15 – 18, 2014.  The court entered reports of findings and recommendations on the motions to suppress, on January 30, 2015, and February 2, 2015.  *See* Reports and Recommendations (Dkt. ##406, 407).

At a status conference conducted January 22, 2015, I indicated that I hoped to have the reports of findings and recommendations on file within the next few days of the hearing and inquired of counsel concerning scheduling and case management issues.  Defense counsel requested that the parties be given an opportunity to confer to determine if they could agree on a mutually acceptable schedule for completion of pretrial proceedings and trial.  The court granted the request and set a status conference for February 3, 2015, but continued the hearing until February 6, 2015 pursuant to the parties' stipulation.

At the status conference conducted February 6, 2015, counsel for the parties agreed that Defendant Paul Phua and Darren Phua's Joint Motion to Suppress Statements (Dkt. #232) should not be set for an evidentiary hearing at this time.  As to Defendant Paul Phua, the government conceded in its opposition to the motion to suppress that Paul Phua did not receive *Miranda* warnings.  With respect to Darren Phua, the government conceded that statements given by Darren Phua would be the "fruit of the poisonous tree" and not admissible in the government's case in chief if the district judge upholds the court's findings and recommendations suppressing evidence recovered from villa 8882.  Defense counsel requested the court grant the motion to suppress statements with respect to Paul Phua and deny the motion to suppress as moot with respect to Darren Phua with the understanding that if the district judge did not adopt the court's

3

findings and recommendations suppressing evidence recovered from villa 8882, the motion should be revisited on the merits.

The parties indicated that they had mutually agreed on a proposed April 13, 2015, trial date. Defense counsel indicated that no additional motions would be filed unless the trial did not proceed on April 13, 2015, and did not request a deadline for filing additional pretrial motions. However, defense counsel indicated that, if the trial did not go forward on April 13, 2015, as requested, motions related to the court's jurisdiction may be filed.

The court indicated it would confer with the chambers of the district judge and determine whether the April 13, 2015, trial date was available on the court's calendar. Chambers of the district judge confirmed that the trial date may be set as the parties request.

Accordingly,

**IT IS ORDERED** that:

1. The deadline for filing objections to the Order Denying Defendants' Joint Emergency Motion to Compel Production (Dkt. #397) and the Reports and Recommendations (Dkt. #406, 407) is **February 16, 2015,** responses shall be due **February 27, 2015,** and replies due **March 6, 2015.**

2. The trial date is scheduled for **April 13, 2015 at 9:00 a.m.,** on Judge Gordon's stacked trial calendar, with a calendar call on **April 8, 2015, at 8:45 a.m.**

3. As neither side requested the opportunity to file any additional pretrial motions, the deadline for filing pretrial motions has passed. Counsel for either side may request a pretrial motion schedule in the event the case is unable to be tried during the April 13, 2015, stack.

4. Defense counsel concur that the government provided production of Rule 16 discovery and discovery outlined in Paragraph 8 of the parties' Proposed Complex Schedule (Dkt. #146) available to the government to date. The government shall timely produce supplemental discovery as it is received, including formal translations of the government's trial exhibits.

5. Defendants shall comply with their obligations to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B) no later than **March 13, 2015**.

6. No later than **March 23, 2015**, the parties shall disclose:

   a. Any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

   b. Recordings, transcripts of recordings or portions thereof that will be offered in their respective case-in-chief at trial;

   c. The government will provide any evidence of similar acts as provided by Rule 404(b), that the government intends on introducing at trial;

   d. The government will provide to Defendants the statements of each witness that the government intends on calling at its case-in-chief, including any impeachment (*Giglio*) information, unless the government files a motion for a protective order.

DATED this 12th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE