UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WEI SENG PHUA, *et al.*,<br><br>Defendants. | Case No. 2:14-cr-00249-APG-PAL<br><br>**Order on Defendant's Motion for reconsideration**<br><br>(Dkt. #512) |

    At a hearing on May 26, 2015, I verbally granted defendant Wei Seng Phua's motion to suppress. I provided more detail about my decision in a written order the following day. (Dkt. #515.) The government asked me to reconsider my denial of the government's verbal request for an evidentiary hearing.

    Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases. *United States v. Mendez*, 2008 U.S. Dist. LEXIS 120217, 2008 WL 2561962 (C.D. Cal. June 25, 2008). Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2004) (quoting *School Dist. No. 1J, Mutlnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

    I declined to hold an evidentiary hearing on Phua's motion because the parties' papers did not reveal any specific factual allegations in dispute.[1] The government argues my decision to

---

[1] The government suggests that I denied it an evidentiary hearing because it failed to cite to affidavits or record evidence in its opposition. This is not so. As I explained in my written order, I denied the government an evidentiary hearing because it did not allege any specific fact

not hold an evidentiary hearing was manifestly unjust.

Whether to hold an evidentiary hearing on a motion to suppress is within my discretion. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). I need not hold an evidentiary hearing unless the papers "allege facts with sufficient definiteness, clarity, and specificity to enable [me] to conclude that *contested issues of fact* exist." *Howell*, 231 F.3d at 621 (emphasis added); *see also United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.), amended, 777 F.2d 543 (9th Cir.1985) (citations omitted) (holding a district judge errs if it refuses to hold an evidentiary hearing when the parties' alleged facts are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the [subject of the motion] are in question").

As explained in my prior written order on Phua's motion, an evidentiary hearing was unnecessary here. Neither party requested one in their papers. (*See* Dkt. ##480, 493, 499.) More importantly, the government failed to articulate any definite, clear, and specific factual allegations from which I could conclude the parties contest any of the facts I relied on in ruling on the motion. (*See* Dkt. #515 at 6-8 (discussing each allegation the government failed to specifically dispute).)

The government argues that "[e]videntiary hearings should be held if the trial court concludes that relief must be granted if the facts alleged are proved," citing to *United States v. Batiste*, 868 F.2d 1089, 1091 (9th Cir. 1989). The government contends it alleged in its papers that agents "would have sought a warrant" absent the illegal searches. Because Phua's motion turned on whether I found agents would have sought and obtained a warrant absent the illegal searches, the government concludes I was required to hold an evidentiary hearing. In fact, the government argues that because it stated in its papers that "[d]efendant's bald assertion defies the facts of this case, probable cause analysis, and common sense," if I do not hold an evidentiary hearing, I should presume the government's statement is true and deny Phua's motion. (Dkt.

---

that is in dispute that affected my decision. I emphasized that the government offered no affidavits or record citations upon which it based any factual disputes. But my denial of an evidentiary hearing was based on the lack of any dispute regarding the facts underlying my ultimate decision.

#512 at 5.)

The government fails to discern between conclusory attorney rhetoric and specific factual allegations. *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007) ("[A]rguments and statements of counsel are not evidence."); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir. 1995) (holding statements of counsel are not evidence and do not create issues of fact). Counsel's conclusory statement that agents would have sought and obtained a warrant, or that Phua's arguments fail, are not factual allegations; they are ultimate conclusions I must determine. Counsel cannot state an ultimate determination and create a dispute of fact warranting an evidentiary hearing. If counsel could, there would be little need for written briefs.

In ruling on the motion, I looked to all of the specific facts raised by the parties to determine whether an evidentiary hearing was needed to ascertain credibility or settle any factual disputes. The government was on notice of what specific facts Phua wanted me to consider in ruling on his suppression motion. The government chose not to contest any of those specific facts, opting instead to cite to additional facts of its own. The government's specific factual allegations included reference to evidence collected by Caesars and the Gaming Control Board, as well as information the FBI possessed about Phua's prior gambling activities and arrest in Macau. (*See* Dkt. #515 at 6-8 (discussing the government's specific factual allegations, such as that the FBI possessed information collected by the Nevada State Gaming Control Board).) There are no disputes about the specific facts the parties alleged in their papers and I presumed the government's specific factual allegations to be true. Thus, no evidentiary hearing was needed.

The central case the government cites to, *Batiste,* addressed whether a judge has discretion to hold an evidentiary hearing where the parties do not raise a specific factual dispute in their papers, reaffirming the well-settled rule that whether to hold an evidentiary hearing is generally within the trial court's discretion. But both *Batiste*, and the cases cited in *Batiste*, repeatedly confirm that a trial judge is only *required* to hold an evidentiary hearing where the parties' factual allegations are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to

- 3 -

conclude that contested issues of fact going to the [subject of the motion] are in question." *Batiste*, 868 F.2d at 1091 (9th Cir. 1989), *citing United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.), amended, 777 F.2d 543 (9th Cir.1985) (citations omitted). That was not the case here.[2]

Notably, the government requested an evidentiary hearing and alleged specific factual disputes, for the first time, at the oral hearing on the motion. I need not consider new allegations or arguments not included in the government's papers. *See Alvarado v. FedEx Corp.*, No. C 04-00098 SI, 2006 WL 644875, at *1 (N.D. Cal. Mar. 13, 2006). But even if I did consider them, the only witness the government offered to call at the hearing (FBI Special Agent Thayne Larson) is not named in any of the relevant documents or communications, was not a party to the important conversation with AUSA Eric Johnson about the lack of probable cause, and did not sign the warrant affidavit. (Dkt. ##229-3, 480-5.) Notably, the government did not offer to call FBI Special Agent Pham, Gaming Control Board Special Agent Lopez, or AUSA Johnson, all of whom were intimately involved in the investigation, ruse, or warrant application.

The government has failed to establish that my decision not to hold an evidentiary hearing was manifestly unjust. Its motion for reconsideration (Dkt. #512) is therefore **denied**.

DATED this 2nd day of June 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The government points out that Phua made conclusory statements in his papers to the effect that the government would *not* have sought a warrant. (Dkt. #512 at 4-7) But, rightly so, Phua has not cited these conclusory statements as a basis for creating a contested factual issue entitling him to an evidentiary hearing.